# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KIM BLANDINO,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 2:19-cv-00932-RFB-BNW

ORDER

Petitioner Kim Blandino has filed a *pro se* habeas corpus petition (ECF No. 1). Blandino states in his petition that he has been charged with extortion in the Eighth Judicial District Court in Clark County, Nevada and that his bail is excessive. He also filed a subsequent motion in which he states that while he was on house arrest, he was taken back into custody on July 3, 2009, without bail (ECF No. 4). While not entirely clear, it appears that Blandino was taken back into custody for violating his house arrest contract (*see* ECF No. 2, pp. 6-9, ECF No. 4). The petition shall be dismissed without prejudice because Blandino has not presented his claims to the highest Nevada state court.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

1

petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Here, Blandino states in his motion dated July 4 that he was taken back into custody on July 3 (ECF No. 4). The court takes judicial notice of the fact that Blandino did not first exhaust his state-court remedies. Accordingly, this federal petition shall be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the petition is **DISMISSED** without prejudice as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's two emergency motions for release on federal bail (ECF Nos. 2 and 4) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 9 August 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE